# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| JOHN JORDAN JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV420-103 |
| | ) | CR417-228 |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT AND RECOMMENDATION

John Jordan, Jr. was convicted by a jury of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1).  *See* doc. 57 (Judgment).[1]  He filed the instant motion to vacate his conviction and sentence, pursuant to 28 U.S.C. § 2255, asserting multiple grounds for relief.  *See* docs. 78 & 82.

## I.    Background and Procedural History

According to trial testimony, on April 28, 2016, Jordan was driving a vehicle late at night when he crossed over an embankment and hit a tree.  Doc. 64 at 118-19.  After he was extricated from the vehicle, he was

---

[1] The Court cites to the criminal docket in case CR417-228 unless otherwise noted.

placed in an ambulance. *Id* Chatham County EMS Lieutenant Rebecca Best, who was in the back of the ambulance with Jordan, testified that she noticed that Jordan had a gun "in his pants," . . . "in the small of his back, like right there where your pants would sit." *Id.* at 132, 136. Best confirmed that paramedics do not carry guns, nor are guns generally kept in the ambulance. *Id.* at 137. She also testified that her team inspects and cleans the ambulance vehicle when they retrieve it to "make sure it's clean." *Id.* at 137, 140.

Best's partner, Lieutenant Kasey Vincent, similarly testified. Doc. 64 at 147-48, 152. Vincent clarified that Jordan was first placed on a spinal board and then placed into the ambulance. *Id.* at 149-50. He testified that Jordan became agitated and demanded that the straps around his chest be removed. *Id.* at 152. When the straps were removed, Jordan sat up. *Id.* Vincent stated that his partner then pointed out the firearm, which was "tucked in [Jordan's] britches," *id.* at 160, and Vincent "immediately reached over and grabbed the pistol and moved it to [his] right into a trash can," *id.* at 152. Vincent testified that Jordan immediately stated, "that's not my gun." *Id.* at 162. A few minutes later,

Vincent noticed that ammunition fell from Jordan's pocket.  *Id.*  at 152-53.

Jordan's attorney, Thomas Hudson, Jr., cross examined Vincent regarding whether Jordan wore swim trunks, which Jordan, when he later took the stand, insinuated could not have accommodated a weapon or ammunition.  Doc. 64 at 160; *id.* at 175-76.  Hudson also questioned Vincent regarding the patients who were transported prior to Jordan in the same vehicle, *id.* at 158, cleaning procedures, *id.* at 155, whether the ambulance was in motion, *id.* at 158, and whether Vincent specifically asked Jordan if the gun belonged to him, to which Vincent replied in the negative, *id.* at 163.

Jordan then testified in his own defense.  Doc. 64 at 169.  He testified that he had been swimming and drinking alcohol in the afternoon, and that after he crashed the vehicle, he was in and out of consciousness.  *Id.* at 170, 181.  He denied having a gun and claimed he had no idea why the gun was in the ambulance.  *Id.* at 172, 175-76, 181-82.  He adamantly disputed the paramedics' testimony that they found a gun on him.  *Id.* at 177-78.

Prior to trial, Jordan stipulated to being a felon and to the interstate commerce elements of his charge. Doc. 35-1, 35-2. During his testimony he admitted that he was previously convicted of several felonies in 1999, *id.* at 178, that he was convicted of terroristic threats and other felonies in 2011, *id.*, and that he was convicted of entering an auto and terroristic threats in 2012, *id.* at 178-79. Thus, the only element at issue was whether Jordan *knowingly* possessed a firearm. Doc. 64 at 200-202. The jury was instructed to decide whether the government proved the facts based on the testimony and evidence presented. *Id.* at 196. The jury found Jordan guilty of being a felon in possession of a firearm and ammunition. *Id.* at 207; *see also* doc. 44.

Prior to his sentencing hearing, Jordan filed a "Motion to Disqualify Counsel," doc. 50, which was denied, doc. 54. At sentencing, the District Judge emphasized Jordan's extensive criminal history. Doc. 72 at 13-15. Based on his criminal history, Jordan qualified as an armed career criminal under 18 U.S.C. § 924(e). Presentence Report ("PSR") ¶¶ 18, 85. His criminal history score was described by the District Judge as "literally off the charts." Doc. 72 at 13; *see also* PSR ¶ 45 (criminal history score was 19). His PSR noted that he had previously been convicted of

arson and burglary, which qualify as violent felonies under the enumerated offenses clause of § 924(e)(2)(B)(ii).  PSR ¶¶ 18, 23.  The PSR also noted that several other convictions qualified under the elements clause of § 924(e)(2)(B)(i).  PSR ¶¶ 18, 35, 40, 41.  His total offense level was 33, PSR ¶ 18, and his criminal history category was VI, *id.* at ¶ 45, resulting in an advisory guidelines range of 235 to 293 months imprisonment.  PSR ¶ 86.  No objections to the PSR were made, which Jordan confirmed during his sentencing hearing.  *See generally*, docket; *see also* doc. 72 at 6.  The District Judge varied downward and sentenced Jordan to 225 months.  Docs. 57, 72 at 15.

After sentencing, Jordan filed a "Motion for Ineffective Counsel," doc. 67, which was construed as a motion for new counsel and denied as Jordan's case was already on appeal, doc. 68.  On appeal, Hudson filed an *Anders* brief and moved to withdraw from further representation.  *See* doc. 75 at 2-3; *see also Anders v. California*, 386 U.S. 738 (1967).  His *Anders* brief made arguments relevant to the sufficiency of the indictment, the lack of any adverse pre-trial rulings, the propriety of the jury selection and voir dire, the overall sufficiency of the evidence, and the substantive and procedural reasonableness of Jordan's sentence.  *See*

*United States v. Jordan*, No. 18-13105, doc. 30 at 14-23 (11th Cir. Sept. 13, 2018).  It also acknowledged that Jordan had stipulated to his felon status as well as interstate nexus.  *Id.* at 20.  Hudson also recognized that the issue of possession was a factual question ultimately decided by the jury.  *Id.*

Jordan filed his own supplemental brief with the appellate court, alleging that there was conflicting testimony regarding his possession of a firearm in the ambulance, and that a person named "Ainsworth" stated the gun was found in the ambulance, but that "Ainsworth" did not testify.  *See Jordan*, , No. 18-13105, doc. 39-1 at 2.  In other words, he further argued that the evidence was not sufficient to prove possession.  On May 13, 2019, the Eleventh Circuit affirmed Jordan's conviction and sentence, finding that an "independent examination of the entire record reveals no arguable issues of merit."  Doc. 75 at 3.

Jordan filed a Motion to Vacate on May 11, 2020.  Doc. 78.  Before the Court reviewed the Motion, Jordan filed a supplement.  Doc. 82.  The Court construed the supplement as a Motion to Amend, granted it, and directed the Government to respond to the motion, as amended.  Doc. 83. The Government responded to the grounds asserted in both the

6

Supplement, doc. 82, and the Original Motion, doc. 78.  *See generally* doc. 84.  After being ordered to show cause or risk dismissal, Jordan replied. Docs. 88 & 89.  Jordan's Motion, as amended, is ripe for review.  Docs. 78, 82.

## II.   Discussion

Jordan's Motion to Vacate, as amended by his Supplement, asserts the following grounds for relief: (1) that the evidence was insufficient to convict him, doc. 78 at 4; (2) that his trial counsel was ineffective for failing to request DNA or fingerprint testing of the firearm, doc. 78 at 6; (3) that his prior convictions do not qualify for 18 U.S.C. § 924(e) enhancement based upon *Johnson v. United States*, 576 U.S. 591 (2015), doc. 78 at 9; (4) that his attorney was ineffective for failing to preserve the *Johnson* issue, doc. 78 at 10; and (5) that certain convictions do not qualify as § 924(e) predicates based on *Borden v. United States*, --- U.S. ---, 141 S. Ct. 1817 (2021), doc. 82.

### A. Ground One: Sufficiency of the Evidence

Jordan lists "sufficiency of evidence" as his first ground for vacating his conviction and sentence.  Doc. 78 at 4.  Regarding this assertion, he states he:

> had not known his action of possessing, transporting, or
> concealing firearms and or ammunition for any reason for
> which he has been charged convicted and sentenced. Counsel
> did little investigation into the case, made no effort to locate
> and present DNA analysis and evidence to show he had not
> possessed the objectives in the instant case. Jordan is a white
> male, but on report states b/m.

*Id.* Jordan next notes that he did not appeal this issue but indicates that

his counsel filed an *Anders* brief. *Id.* From what the Court can discern

from this text and the text following it, it appears that Jordan's first

ground is multifaceted; first he appears to argue innocence and that the

opposition failed to prove knowledge of possession at trial. Second, he

argues that counsel refused to utilize available evidence and witnesses

who "would have showed that there was another car involved in the

accident and other people," and thus he appears to assert ineffective

assistance of counsel. *Id.* at 5. Jordan also cites *Rehaif v. United States*,

139 S. Ct. 2191 (2019) and *U.S. v. Peter*, 310 3d 709, 707 (11th Cir. 2002).

*Id.* Respondent argues that the allegations asserted in Ground One are

too vague and conclusory to be considered. Doc. 84 at 9-10.

To the extent Ground One argues sufficiency of the evidence, it is

procedurally barred. It is long-settled that a prisoner is procedurally

barred from raising arguments in a motion to vacate his sentence that he

already raised and that were rejected in his direct appeal. *See United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255.") (internal quotation marks and citation omitted). Furthermore, it is inconsequential that Jordan's appeal was initiated with an *Anders* brief filed by Hudson. *See Stoufflet v. United States*, 757 F.3d 1236, 1242 (11th Cir. 2014) (Rejecting argument that objection to appointed counsel's *Anders* brief should not trigger the procedural bar because the posture pits counsel against defendant.). Jordan raised this argument on appeal, and it was directly rejected, thus it is barred. *See United States v. Jordan*, 770 F. App'x 548, 548 (11th Cir. 2019).

Any remaining allegations contained within Ground One are procedurally defaulted. "Under the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted). There are two exceptions that excuse a procedural default. *See United States v. Frady,*

456 U.S. 152 (1982). Under the first exception, a defendant must show cause for not raising the claim of error on direct appeal *and* actual prejudice from the alleged error. *Id.* at 167; *see also Bousley v. United States,* 523 U.S. 614, 622 (1998). Under the second exception, a court may allow a defendant to proceed with a § 2255 motion despite his failure to show cause for procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (quoting *Murray v. Carrier*, 477 U.S. 478, 496 (1986)). The Supreme Court has "caution[ed] . . . that tenable actual-innocence gateway pleas are rare . . . ." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

Jordan makes no argument as to cause, prejudice, or actual innocence in his Motion. However, because Jordan references his lack of knowledge regarding "possessing, transporting, or concealing firearms and or ammunition for any reason for which he has been charged convicted and sentenced . . .," doc. 78 at 4, it appears, though it is unclear, that he seeks to argue that his conviction should be vacated based on his innocence. In *Rehaif*, the Supreme Court ruled that, "in a prosecution under 18 U.S.C. § 922(g) and [18 U.S.C.] § 924(a)(2), the Government

10

must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif*, 139 S. Ct. at 2200.  Jordan appears to assert innocence under *Rehaif* because he either lacked knowledge of possession or lacked knowledge he belonged to the relevant category of people barred from firearm possession.  *See* doc. 78 at 4-5.

Jordan's mere citation to *Rehaif* does not support any actual innocence claim.  Jordan supplemented his claim of lack of knowledge with the additional qualification of "for any reason for which he has been charged convicted and sentenced."  Doc. 78 at 4.  While this sentence is simply difficult to understand, the addition of this phrase suggests that Jordan seeks to argue that the trial court's findings were *legally* insufficient.  "'Actual innocence' means *factual* innocence, not mere legal insufficiency." *Bousley,* 523 U.S. at 623 (emphasis added).  Thus, to the extent he seeks to argue the trial court's findings were legally insufficient, his argument is futile.  Additionally, he has not supported factual innocence in any way but makes purely legal arguments.  For example, he attempts to dispute the validity of prior convictions and argue that there was insufficient evidence to convict him.  But these

arguments do not establish actual innocence. *See McKay v. United States*, 657 F.3d 1190, 1199 (11th Cir. 2011) (declining to extend the actual innocence exception to claims of legal innocence of a predicate offense justifying an enhanced sentence).

What's more, Jordan cannot now argue he lacked knowledge that he was a member of the relevant category of persons barred from possessing a firearm because he stipulated to and testified to prior felonies and admitted that he had previously spent 30 years in prison. Doc. 35-1; doc. 64 at 115-16; 178; doc. 72 at 11. Thus, his failure to propose and support his apparent innocence argument means the actual innocence exception does not apply to Jordan's claim that he was either erroneously convicted or sentenced. *See United States v. Moore*, 954 F.3d 1322, 1337-38 (11th Cir. 2020) (denying *Rehaif* claim reasoning that it was "inconceivable" that the defendant was unaware of his convicted-felon status where he had previously served a lengthy sentence); *United States v. Reed*, 941 F.3d 1018, 1022 (11th Cir. 2019) (jury could have inferred that Reed knew he was a felon from his stipulation and from his testimony that he *knew* he was not supposed to have a gun.).

Moreover, to the extent Jordan seeks to pursue an argument as to

cause and prejudice, his claim fails.  In procedural default cases, the question is not whether legal developments or new evidence has made a claim easier or better, but whether at the time of the direct appeal the claim was available at all.  *Lynn*, 365 F.3d at 1235.  Jordan never made his *Rehaif* argument to the Eleventh Circuit, even though *Rehaif* was first decided on March 26, 2018.  *See Scriven v. United States*, 2021 WL 3614404, at *6 (S.D. Ga. July 20, 2021) (finding defendant could not demonstrate cause for failing to raise *Rehaif* claim on direct appeal because *Rehaif* arguments were available even if not previously acceptable.).  Jordan cannot show cause excusing his procedural default because he cannot demonstrate that some "objective factor external to the defense prevented [Jordan] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to his own conduct.[2]  *Lynn*, 365 F.3d at 1235 (citing *Smith v. Jones,* 256 F.3d 1135, 1145 (11th Cir. 2001) (citations omitted).

---

[2] If Jordan seeks to rely on ineffective assistance of counsel as cause, his argument fails.  *Brown v. United States*, 720 F.3d 1316, 1333 (11th Cir. 2013) (holding that, while "[c]onstitutionally ineffective assistance of counsel can constitute cause," the claim of ineffective assistance must have merit.) (citing *Holladay v. Haley*, 209 F.3d 1243, 1254 (11th Cir. 2000) and *Nyhuis*, 211 F.3d at 1344).  As discussed herein, Jordan's ineffective assistance of counsel arguments lack merit and do not establish cause.

Jordan has not even acknowledged his default, much less argued why he was unable to bring this issue on appeal. Having determined that Jordan cannot show cause for his failure, the Court need not discuss whether he suffered "actual prejudice" resulting from the errors of which he complains. *McCoy v. United States*, 266 F.3d 1245, 1259 (11th Cir. 2001).

Next, Jordan has asserted other convoluted claims in Ground One, including confusion about his race in some unnamed report and ineffective assistance of counsel. As to Jordan's statement regarding his race, doc. 78 at 4 ("Jordan is a white male, but on report states b/m"), the Court finds this allegation to be too vague to warrant extensive consideration. A "pro se pleading must suggest (even if inartfully) that there is at least some factual support for a claim; it is not enough just to invoke a legal theory devoid of any factual basis." *Jones v. Fla. Parole Comm'n*, 787 F.3d 1105, 1107 (11th Cir. 2015). Jordan provided no context or citation to the record referencing his race or what he is suggesting by claiming that his race was misidentified on the unspecified "report."

He also passingly references his Counsel's failure to investigate or

locate and present DNA analysis and evidence to show that Jordan did not possess the gun.  In *Massaro v. United States*, 538 U.S. 500 (2003), the Supreme Court excepted ineffective-assistance-of-counsel claims from the general procedural default rule.  *Id.* at 508.  Thus, Jordan is not limited from making this argument as he is in making the other Ground One assertions.  As alleged in Ground One, however, the argument is too vague to substantiate an allegation of ineffective assistance of counsel.  Even if it is viable, it is reasserted in Ground Two and thus it will be considered within that section.

### B. Ground Two: Ineffective Trial Counsel, DNA & Fingerprints

Jordan's next argument is that Hudson failed to provide effective counsel by refusing to "abide by his request that DNA testing be conducted for matter of truth," doc. 78 at 6, by failing to investigate conflicting EMT reports, *id.* at 7, and by refusing to investigate or make other arguments about the firearm and its chain of custody, *id.* at 7.  He again complains that someone named "Ainsworth" failed to testify and he points to the Supplemental Savannah-Chatham Metropolitan Police Department incident report where an officer noted that "SSFD EMT's Best and Ainsworth found the weapon in the ambulance while

transporting Mr. Jordan to Memorial Medical Center." Doc. 78-2 at 3. It appears he believes Hudson should have tracked down "Ainsworth," and his failure to do so prevented testimony from being heard regarding whether the firearm was simply found "in the ambulance" or specifically on Jordan's person. Doc. 78 at 7.

A petitioner asserting a claim of ineffective assistance of counsel ordinarily must satisfy the requirements of *Strickland v. Washington*, 466 U.S. 668 (1984). *Conklin v. Schofield,* 366 F.3d 1191, 1201 (11th Cir. 2004). Under *Strickland*, a petitioner must affirmatively prove both deficient performance and actual prejudice. *Strickland,* 466 U.S. at 687. When considering deficient performance at the guilt stage, "the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Absent proof of actual prejudice "it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687.

Jordan's allegations of deficient performance are conclusory. Such conclusory claims of ineffective assistance are insufficient for relief under *Strickland* or for an evidentiary hearing. *See Boyd v. Comm'r, Ala. Dep't*

*of Corr.*, 697 F.3d 1320, 1333–34 (11th Cir. 2012); *Chavez v. Sec'y Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("Conclusory allegations are simply not enough to warrant [an evidentiary] hearing." (citing *San Martin v. McNeil*, 633 F.3d 1257, 1271 (11th Cir. 2011))).  In any event, "no absolute duty exists [for an attorney] to investigate particular facts or a certain line of defense." *Chandler v. United States*, 218 F.3d 1305, 1317 (11th Cir. 2000).  Therefore, Jordan's frustrations that his attorney failed to "abide" by his request regarding DNA or investigate witnesses, testimony, and the firearm itself, are meritless. "Investigation (even a nonexhaustive, preliminary investigation) is not required for counsel reasonably to decline to investigate a line of defense thoroughly." *Id.* at 1318.

Moreover, Jordan's suggestion that the lack of DNA evidence was prejudicial is conclusory because, as Respondent noted, the presence of another person's DNA on the gun would not have necessarily excluded his possession of it.  Doc. 84 at 17.  Likewise, he has provided the Court with  nothing more than speculation that witness interviews would have changed the outcome of the trial—he is just frustrated that they were not conducted.  He also does not explain the implications of his complaint

that "the officer who took the warrant out on him was not even at court," doc. 78 at 7, and thus he again fails to show prejudice. "It is not enough for the [petitioner] to show the errors had some conceivable effect on the outcome of the proceeding . . . ," because "[v]irtually every act or omission of counsel would meet that test." *Brown v. United States*, 720 F.3d 1316, 1326 (11th Cir. 2013) (quoting *Putman v. Head,* 268 F.3d 1223, 1248 (11th Cir. 2001) (internal citations omitted)). Jordan has not met his burden in showing that Hudson was ineffective.[3]

### C. Grounds Three and Four: Predicate Offenses Under Johnson

Jordan next asserts that the predicates used for enhancing his sentence under 18 U.S.C. §924(e) have been invalidated by *Johnson v. United States*, and that Hudson was ineffective because he failed to protest and preserve the argument that Jordan's Armed Career Criminal Act ("ACCA") enhancement violated his Fifth Amendment right to due process. Doc. 78 at 9-11. Jordan also attempts to again passingly assert

---

[3] Likewise, Jordan's reference to "United States v. Oliver 11 Cir. (2020) No 17-1565, under el[e]ments clause indivisible over broad," doc. 78 at 7, does not permissibly state an allegation. Jordan may not "simply laundry-list [his] claims and hope that the court will develop (hence, litigate) them on [his] behalf." *O'Kelley v. Warden, Ga. Diagnostic Prison*, 2020 WL 2772769, at *3 (S.D. Ga. May 28, 2020) (internal quotation marks and alterations omitted) (citing *Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989) (no hearing required on claims "which are based on unsupported generalizations")).

Hudson's failure to investigate, this time asserting that Hudson failed to investigate the prior alleged predicates relied upon by the government, and therefore he includes, or rather hints at, what he calls a Sixth Amendment claim in Ground Four as well.  Doc. 78 at 10.

*Johnson* invalidated the residual clause, § 924(e)(2)(B)(ii), of the ACCA in 2015.  *Johnson*, 576 U.S. 591.  Given that this decision was made before Jordan's conviction, not only does *Johnson's* holding simply have no effect upon Jordan's conviction, Jordan's *Johnson* argument is procedurally defaulted.   Jordan's enhanced sentence relied upon predicate convictions enumerated by § 924(e)(2)(B)(ii) (first clause), and the elements clause, § 924(e)(2)(B)(i), not the clause invalidated by *Johnson*.  PSR ¶ 12.  Thus, Jordan cannot show prejudice and is not excepted from the procedural default rule.  Moreover, Hudson's failure to investigate or make argument in this respect does not constitute ineffective assistance.  *See Owen v. Sec'y for Dep't of Corr.*, 568 F.3d 894, 915 (11th Cir. 2009) (holding that if a particular claim itself is without merit, "any deficiencies of counsel in failing to raise or adequately pursue" it "cannot constitute ineffective assistance of counsel.").  Jordan stipulated to and testified about his prior convictions, and thus, his

present assertion regarding those predicate offenses is meritless.

### D. Supplemental Grounds

Jordan's supplemental grounds include an argument that under *Borden v. United States*, 141 S. Ct. 1817 (2021) some of his prior convictions should not be considered predicate offenses for the purposes of § 924(e), the Armed Career Criminal Act ("ACCA"). The ACCA increases the sentence of, among others, a felon in unlawful possession of a firearm if that person has at least three prior convictions for a "violent felony," 18 U.S.C. § 924(e)(2)(B), or a "serious drug offense," 18 U.S.C. § 924(e)(2)(A), or both. The Supreme Court in *Borden* considered the so-called elements clause of § 924(e)(2)(B)(i), which provides that an offense qualifies as a "violent felony" if it "has as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Under *Borden*'s ruling, offenses with a *mens rea* of recklessness, though they may involve the use of physical force, do not require that force be directed *against another*, and thus they do not constitute crimes of violence for the purposes of § 924's elements clause. *Borden*, 141 S. Ct. at 1824-25; *Alvarado-Linares v. United States*, 44 F.4th 1334, 1344 (11th

Cir. 2022). Jordan qualified as an armed career criminal under § 924 based on two convictions for arson and burglary—convictions which constitute violent felonies under the enumerated clause of § 924(e)(2)(B)(ii)—and based on multiple convictions which qualify under the elements clause of §924(e)(2)(B)(i), including aggravated battery, felony obstruction, and making terroristic threats. PSR ¶¶ 18, 35, 40, 41. The latter category, the elements clause convictions, are at issue here; the convictions used as predicates which fall under the enumerated clause are not impacted by *Borden*.

Jordan argues that his arson and terroristic threat convictions lack the elements required, and that his aggravated battery and felony obstruction offenses were adjudicated through *nolle prosequi* and therefore do not constitute a conviction. Doc. 82 at 6-7. He argues that the felony obstruction offense does not require the *mens rea* required to substantiate a violent felony pursuant to *Borden*. *Id*. Jordan did not make this argument prior to sentencing or on appeal, and he has not argued cause or prejudice exists to excuse his procedural default as to this claim. It is, accordingly, procedurally defaulted.

Notwithstanding that Jordan has procedurally defaulted this

argument, *Borden* does not invalidate Jordan's conviction and enhanced sentence. Because arson and burglary offenses are clearly enumerated by § 924(e)(2)(B)(ii), there is no question that these offenses qualify as predicate offenses. Therefore, there remains one offense against which Jordan may present elements-based assertions. Of his remaining convictions, one crime—for which he was convicted twice—has already been determined by the Eleventh Circuit to constitute a qualifying conviction for the purposes of § 924(e)'s elements clause. *See United States v. Brown*, 805 F.3d 1325, 1327-28 (11th Cir. 2015) ("Georgia's felony obstruction statute applies only to those who obstruct a law enforcement officer 'by offering or doing violence' to the officer's person" and therefore meets the "use, attempted use, or threatened use of physical force requirements of the ACCA."); *see also* O.C.G.A. § 16–10–24(b). *Borden*'s holding and rationale does not invalidate the Eleventh Circuit's prior decision in *Brown*, but in fact supports its holding further. Thus, Jordan clearly qualifies for sentence enhancement under the ACCA because he had two underlying convictions qualifying under the enumerated clause and one which constitutes a violent crime under the elements clause. Thus, his *Borden* arguments fail.

22

## III. Conclusion

Jordan's arguments regarding error and ineffective assistance of counsel are meritless.  His arguments that his prior convictions do not constitute predicate offenses under the ACCA are misplaced. Accordingly, it is **RECOMMENDED** that Jordan's Motion to Vacate, as amended, should be **DENIED.**  Docs. 78 & 82.

Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either.  28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added). This Report and Recommendation (R&R) is submitted to the district court judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3.  Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties.  The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."  Any request for

additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED, AND RECOMMENDED** this 17th day of July, 2023.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA